Theodore E. Tsekerides (*pro hac vice* application to be filed)
theodore.tsekerides@weil.com
Randi W. Singer (*pro hac vice* application to be filed)
randi.singer@weil.com
David Yolkut (*pro hac vice* application to be filed)
david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Scott A. Edelman, State Bar No. 116927
SEdelman@gibsondunn.com
Nathaniel L. Bach, State Bar No. 246518
NBach@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2029 Century Park East, Suite 4000
Los Angeles, California 90067
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMNO CABLE GROUP, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>          Defendant. | Case No. 2:16-cv-4543-JAK-SK<br><br>**ANSWER TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendant DISCOVERY COMMUNICATIONS, LLC ("Discovery"), by and through its counsel, respectfully submits this Answer in response to LMNO CABLE GROUP, INC.'S ("LMNO") Complaint as follows:

1

## **<u>ANSWER</u>**

2    Discovery denies all allegations in the Complaint not expressly admitted herein.

3    Furthermore, Discovery denies all allegations contained in the Complaint to the extent

4    that they assert or suggest, individually or collectively, that Discovery engaged in any

5    actionable conduct or is otherwise liable to LMNO.  By filing this Answer, Discovery

6    does not waive—and hereby expressly preserves—its defenses under Federal Rule of

7    Civil Procedure 12(b) or any other defenses asserted in future motions or submissions

8    to the Court.

9    Discovery denies the allegations set forth in the four unnumbered introductory

10   paragraphs on the second page of the Complaint to the extent they relate to Discovery,

11   and lacks knowledge or information sufficient to form a belief as to the truth of the

12   allegations to the extent they relate to LMNO and therefore denies those allegations.

13   1.    Paragraph 1 of the Complaint states legal contentions and/or conclusions

14   to which no response is required.  To the extent a response is required, Discovery

15   admits that venue is proper in this District and that this Court is vested with subject

16   matter jurisdiction over the claims identified in the Complaint but denies that LMNO

17   can sustain any claim ultimately to support such jurisdiction.

18   2.    Paragraph 2 of the Complaint states legal contentions and/or conclusions

19   to which no response is required.  To the extent a response is required, Discovery

20   admits it has had contractual dealings with LMNO.

21   3.    Discovery lacks knowledge or information sufficient to form a belief as

22   to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore

23   denies those allegations, except admits that LMNO has produced programs for

24   television and further admits that LMNO's offices are based in Los Angeles,

25   California.

26   4.    Discovery admits the first sentence in Paragraph 4 of the Complaint and

27   denies the second sentence in that Paragraph, except admits that Discovery is a

28

television programmer that provides original and purchased content to viewers worldwide through its networks, including the TLC network.

5. Discovery denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits that LMNO has produced various programs that have appeared on Discovery's networks.

6. Discovery denies each and every allegation set forth in Paragraph 6 of the Complaint, except admits that *Unusual Suspects*, *Amazing Medical Stories*, *The Little Couple* and other programs produced by LMNO have appeared on certain of Discovery's networks.

7. Discovery denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits that the program *The Little Couple* is currently one of TLC's more popular programs and that its eighth season has completed airing.

8. Discovery denies each and every allegation set forth in Paragraph 8 of the Complaint, except admits that the program *7 Little Johnstons* premiered on TLC in March 2015, was produced for Discovery by LMNO, performed well during its first season, and that LMNO shot footage for a second season.

9. Discovery denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits that the program *Killer Confessions* premiered in 2015, that the eighth season of the program *Unusual Suspects* has aired, and that production of the first season of the program *The Coroner:  I Speak for the Dead* has been completed.

10. Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies those allegations.

11. Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies those allegations.

12.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies those allegations.

14.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies those allegations.

15.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     Discovery denies each and every allegation set forth in Paragraph 16 of the Complaint as it relates to Discovery and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint as it relates to others and therefore denies those allegations.

17.     Discovery denies each and every allegation set forth in Paragraph 17 of the Complaint.

18.     Discovery denies each and every allegation set forth in Paragraph 18 of the Complaint.

19.     Discovery denies each and every allegation set forth in Paragraph 19 of the Complaint, except admits that it sent letters to LMNO, including on or around February 10, 2016, regarding, among other things, LMNO's failure to maintain books and records as contractually required for a variety of programs LMNO produced for Discovery.

20.     Discovery denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.     Discovery denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Discovery denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies those allegations, except admits that LMNO produced a television pilot titled "*The Little Couple: Just Married*" for Discovery in 2008.

24.     Discovery denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits it and LMNO entered into a Coproduction Attachment for New Program, dated November 5, 2008 (the "November 2008 Attachment"), to that Master Agreement dated January 8, 2002 (the "Master"), as amended by the Amended and Restated Master Agreement dated December 10, 2002 (the "Amended and Restated Master"), as further amended and supplemented by the December 31, 2013 Amendment (the "2013 Amendment"), all of which govern LMNO's production of *The Little Couple* for Discovery.  Discovery respectfully refers the Court to the relevant agreements for a full and complete statement of their terms and their meaning and effect.

25.     Discovery denies each and every allegation set forth in Paragraph 25 of the Complaint, except admits that it and LMNO entered into certain written amendments to the November 2008 Attachment that relate to *The Little Couple* (f/k/a *Little People Couple*) (collectively, the "Little Couple Amendments") and that Discovery exercised options for additional seasons of the program. Discovery respectfully refers the Court to the Little Couple Amendments for a full and complete statement of their terms and their meaning and effect.

26.     Discovery denies each and every allegation set forth in Paragraph 26 of the Complaint and respectfully refers the Court to the relevant agreements governing

the specific programs for a full and complete statement of their terms and their meaning and effect.

27.     Discovery denies each and every allegation set forth in Paragraph 27 of the Complaint, except admits that the terms and conditions for the production and delivery of certain additional episodes for Season 7 of *The Little Couple* were formalized in an "Amendment 20" dated as of March 24, 2015 (the "Amendment 20").  Discovery respectfully refers the Court to the relevant agreements, including Amendment 20, for a full and complete statement of their terms and their meaning and effect.

28.     Discovery denies each and every allegation set forth in Paragraph 28 of the Complaint, except admits that it and LMNO entered into a certain Commission Attachment for New Program dated as December 15, 2015 (the "Commission Attachment") to the Master Agreement dated as of November 16, 2015 (the "November 2015 Master"), which governs certain of the terms and conditions for the production of *The Coroner:  I Speak for the Dead*.  Discovery respectfully refers the Court to the relevant agreements, including the Commission Attachment, for a full and complete statement of their terms and their meaning and effect.

29.     Discovery denies each and every allegation set forth in Paragraph 29 of the Complaint and respectfully refers the Court to the relevant agreements governing the specific programs for a full and complete statement of their terms and their meaning and effect.

30.     Discovery denies each and every allegation set forth in Paragraph 30 of the Complaint to the extent they relate to Discovery, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to LMNO or other entities and therefore denies those allegations.

31.     Discovery denies each and every allegation set forth in Paragraph 31 of the Complaint to the extent they relate to Discovery, except admits that it sent letters to LMNO on or around February 10, 2016, requesting, among other things, that

LMNO submit to audits under the terms of the relevant agreements relating to various programs produced for Discovery by LMNO, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to LMNO and therefore denies those allegations.

32.    Discovery denies each and every allegation set forth in Paragraph 32 of the Complaint, except admits that Discovery has alleged that LMNO has improperly charged Discovery in connection with programs LMNO has produced for Discovery and otherwise respectfully refers the Court to the relevant agreements for a full and complete statement of their terms and their meaning and effect.

33.    Discovery denies each and every allegation set forth in Paragraph 33 of the Complaint, except admits that on or around June 17, 2016, it sent notices of termination to LMNO relating to the programs *The Little Couple, 7 Little Johnstons*, *Killer Confessions*, *The Coroner:  I Speak for the Dead*, *Unusual Suspects*, and *Hollywood & Crime* and otherwise respectfully refers the Court to the relevant agreements for a full and complete statement of their terms and their meaning and effect, including as relates to Discovery's termination rights.

34.    Discovery denies each and every allegation set forth in Paragraph 34 of the Complaint.

35.    Discovery denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.    Discovery denies each and every allegation set forth in Paragraph 36 of the Complaint.

37.    Discovery denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.    Discovery denies each and every allegation set forth in Paragraph 38 of the Complaint, and avers that the allegations regarding "Copyright law" or any other law constitute legal contentions and/or conclusions to which no response is required.

To the extent a response is required to such allegations, Discovery denies those allegations.

39.     Discovery denies each and every allegation set forth in Paragraph 39 of the Complaint to the extent they relate to Discovery, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to LMNO and therefore denies those allegations.

## FIRST CLAIM OF RELIEF

### Copyright Infringement

### [17 U.S.C. § 501 et. seq.]

40.     Discovery incorporates its responses to Paragraphs 1 through 39 above as if fully set forth herein.

41.     Paragraph 41 of the Complaint is comprised solely of legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Discovery denies each and every allegation in Paragraph 41 of the Complaint.

42.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies those allegations.

43.     Discovery denies each and every allegation set forth in Paragraph 43 of the Complaint, and avers that the allegations that Discovery has "unlawfully infringed on LMNO's copyrights" constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required to such allegations, Discovery denies those allegations.

44.     Discovery denies each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Discovery denies each and every allegation set forth in Paragraph 45 of the Complaint.

46.     Discovery denies each and every allegation set forth in Paragraph 46 of the Complaint.

47.     Discovery lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint to the extent they relate to LMNO's actions and therefore denies those allegations, and otherwise denies all other allegations set forth in Paragraph 47 of the Complaint.

48.     Discovery denies each and every allegation set forth in Paragraph 48 of the Complaint, except admits LMNO provided Discovery with a document entitled "possible Scotland beats."

49.     Discovery denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Discovery denies each and every allegation set forth in Paragraph 50 of the Complaint, except admits that it had certain discussions with LMNO regarding shooting footage involving Bill Klein and Jennifer Arnold and their family. Discovery further avers that Discovery has a talent agreement with Bill Klein and Jennifer Arnold to which LMNO is not a party, and respectfully refers the Court to that agreement for a full and complete statement of its terms and their meaning and effect.

51.     Discovery denies each and every allegation set forth in Paragraph 51 of the Complaint, except admits that LMNO was aware that Discovery intended to go forward with shooting footage involving Bill Klein and Jennifer Arnold and their family, in which LMNO did not participate.  Discovery further avers that Discovery has a talent agreement with Bill Klein and Jennifer Arnold to which LMNO is not a party, and respectfully refers the Court to that agreement for a full and complete statement of its terms and their meaning and effect.

52.     Discovery denies each and every allegation set forth in Paragraph 52 of the Complaint, except admits that Discovery has shot footage involving Bill Klein and Jennifer Arnold and their family.  Discovery further avers that Discovery has a talent

1    agreement with Bill Klein and Jennifer Arnold to which LMNO is not a party, and

2    respectfully refers the Court to that agreement for a full and complete statement of its

3    terms and their meaning and effect.

4          53.    Discovery denies each and every allegation set forth in Paragraph 53 of

5    the Complaint, and avers that any allegations regarding LMNO's rights "under

6    copyright law" constitute legal contentions and/or conclusions to which no response is

7    required.  To the extent a response is required to such allegations, Discovery denies

8    those allegations.

9          54.    Discovery denies each and every allegation set forth in Paragraph 54 of

10   the Complaint.

11         55.    Discovery denies each and every allegation set forth in Paragraph 55 of

12   the Complaint, and avers that the allegations regarding LMNO's rights "under

13   copyright law" constitute legal contentions and/or conclusions to which no response is

14   required.  To the extent a response is required to such allegations, Discovery denies

15   those allegations.

16         56.    Discovery denies each and every allegation set forth in Paragraph 56 of

17   the Complaint, including each of its subparts.

18         57.    Discovery denies each and every allegation set forth in Paragraph 57 of

19   the Complaint, and avers that the allegations regarding any alleged "copyright

20   infringement" constitute legal contentions and/or conclusions to which no response is

21   required.  To the extent a response is required to such allegations, Discovery denies

22   those allegations.

23         58.    Discovery denies each and every allegation set forth in Paragraph 58 of

24   the Complaint.

25         59.    Discovery denies each and every allegation set forth in Paragraph 59 of

26   the Complaint.

27

28

ANSWER

**SECOND CLAIM FOR RELIEF**

**Unfair Competition**

**[Lanham Act § 43(a); 15 U.S.C. § 1125(a)]**

60.     Discovery incorporates its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61.     Discovery denies each and every allegation set forth in Paragraph 61 of the Complaint, and avers that LMNO had a contract with Discovery for the co-production of a program known as *The Little Couple*.  Discovery further avers that it, and not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.  Discovery further avers that consumers have come to recognize and associate the program *The Little Couple*, and the related registered and common law mark THE LITTLE COUPLE, with Discovery and its entertainment services.

62.     Discovery denies each and every allegation set forth in Paragraph 62 of the Complaint, and avers that Discovery has paid tens of millions of dollars to co-produce programs such as *The Little Couple* and to advertise and promote such programs to the general public.  Discovery further avers that the allegations in the second sentence of Paragraph 62 of the Complaint contain legal contentions and/or conclusions to which no response is required.  To the extent a response is required to such allegations, Discovery denies those allegations and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.  Discovery further avers that it,

11

1  and not LMNO, is the source of the program known as *The Little Couple*

2  entertainment services, and is viewed as the source of such services by the general

3  public.

4        63.    Discovery denies each and every allegation set forth in Paragraph 63 of

5  the Complaint, and avers that Discovery, not LMNO, is the registered owner of the

6  mark THE LITTLE COUPLE for entertainment and educational services under

7  registration number 4062239 and has also obtained common law trademark rights in

8  the mark THE LITTLE COUPLE both for educational and entertainment services and

9  for related goods and services that reference the program known as *The Little Couple*.

10        64.    Discovery denies each and every allegation set forth in Paragraph 64 of

11  the Complaint, and avers that Discovery, not LMNO, is the registered owner of the

12  mark THE LITTLE COUPLE for entertainment and educational services under

13  registration number 4062239 and has also obtained common law trademark rights in

14  the mark THE LITTLE COUPLE both for educational and entertainment services and

15  for related goods and services that reference the program known as *The Little Couple*.

16        65.    Discovery denies each and every allegation set forth in Paragraph 65 of

17  the Complaint, and avers that Discovery, not LMNO, is the registered owner of the

18  mark THE LITTLE COUPLE for entertainment and educational services under

19  registration number 4062239 and has also obtained common law trademark rights in

20  the mark THE LITTLE COUPLE both for educational and entertainment services and

21  for related goods and services that reference the program known as *The Little Couple*.

22        66.    Discovery denies each and every allegation set forth in Paragraph 66 of

23  the Complaint, and avers that Discovery, not LMNO, is the registered owner of the

24  mark THE LITTLE COUPLE for entertainment and educational services under

25  registration number 4062239 and has also obtained common law trademark rights in

26  the mark THE LITTLE COUPLE both for educational and entertainment services and

27  for related goods and services that reference the program known as *The Little Couple*.

28

67. Discovery denies each and every allegation set forth in Paragraph 67 of the Complaint, and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.

68. Discovery denies each and every allegation set forth in Paragraph 68 of the Complaint.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

69. Discovery incorporates its responses to Paragraphs 1 through 68 above as if fully set forth herein.

70. Discovery denies each and every allegation set forth in Paragraph 70 of the Complaint, and avers that LMNO had a contract with Discovery for the co-production of a program known as *The Little Couple*. Discovery further avers that it, and not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*. Discovery further avers that consumers have come to recognize and associate the program *The Little Couple*, and the related registered and common law mark THE LITTLE COUPLE, with Discovery and its entertainment services.

71. Discovery denies each and every allegation set forth in Paragraph 71 of the Complaint, and avers that the allegations in the second sentence of Paragraph 71 of the Complaint contain legal contentions and/or conclusions to which no response is required. To the extent a response is required to such allegations, Discovery denies those allegations and avers that Discovery, not LMNO, is the registered owner of the

1  mark THE LITTLE COUPLE for entertainment and educational services under
2  registration number 4062239, and has also obtained common law trademark rights in
3  the mark THE LITTLE COUPLE both for educational and entertainment services and
4  for related goods and services that reference the program known as *The Little Couple*.
5  Discovery further avers that it, and not LMNO, is the source of the program known as
6  *The Little Couple* entertainment services, and is viewed as the source of such services
7  by the general public.

8      72.   Discovery denies each and every allegation set forth in Paragraph 72 of
9  the Complaint, and avers that Discovery, not LMNO, is the registered owner of the
10 mark THE LITTLE COUPLE for entertainment and educational services under
11 registration number 4062239 and has also obtained common law trademark rights in
12 the mark THE LITTLE COUPLE both for educational and entertainment services and
13 for related goods and services that reference the program known as *The Little Couple*.

14     73.   Discovery denies each and every allegation set forth in Paragraph 73 of
15 the Complaint, and avers that Discovery, not LMNO, is the registered owner of the
16 mark THE LITTLE COUPLE for entertainment and educational services under
17 registration number 4062239 and has also obtained common law trademark rights in
18 the mark THE LITTLE COUPLE both for educational and entertainment services and
19 for related goods and services that reference the program known as *The Little Couple*.
20 Discovery further avers that it, and not LMNO, is the source of the program known as
21 *The Little Couple* entertainment services, and is viewed as the source of such services
22 by the general public.

23     74.   Discovery denies each and every allegation set forth in Paragraph 74 of
24 the Complaint, and avers that Discovery, not LMNO, is the registered owner of the
25 mark THE LITTLE COUPLE for entertainment and educational services under
26 registration number 4062239 and has also obtained common law trademark rights in
27 the mark THE LITTLE COUPLE both for educational and entertainment services and
28 for related goods and services that reference the program known as *The Little Couple*.

75.     Discovery denies each and every allegation set forth in Paragraph 75 of the Complaint, and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.

76.     Discovery denies each and every allegation set forth in Paragraph 76 of the Complaint, and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.

## FOURTH CLAIM FOR RELIEF

### Breach of Written Contract

### [October 24, 2014 Formal Assignment Contract]

77.     Discovery incorporates its responses to Paragraphs 1 through 76 above as if fully set forth herein.

78.     Discovery denies each and every allegation set forth in Paragraph 78 of the Complaint, except admits that in 2014 LMNO assigned to Discovery the talent agreement relating to Bill Klein, Jennifer Arnold and their children.

79.     Discovery denies each and every allegation set forth in Paragraph 79 of the Complaint, except admits that it and LMNO entered into a "Formal Assignment" dated October 24, 2014 (the "Formal Assignment") in connection with the program *The Little Couple.* Discovery respectfully refers the Court to the Formal Assignment and other relevant agreements for a full and complete statement of their terms and their meaning and effect. Discovery avers that Paragraph 79 of the Complaint also contains allegations that constitute legal contentions and/or conclusions to which no

1   response is required.  To the extent a response is required to such allegations,

2   Discovery denies those allegations.

3          80.    Discovery admits that the Formal Assignment contains the language

4   selectively and incompletely quoted in Paragraph 80 of the Complaint.  Discovery

5   respectfully refers the Court to the Formal Assignment for a full and complete

6   statement of its terms and their meaning and effect.

7          81.    Discovery denies each and every allegation set forth in Paragraph 81 of

8   the Complaint, except admits that it and LMNO entered into the Formal Assignment.

9   Discovery respectfully refers the Court to the Formal Assignment for a full and

10  complete statement of its terms and their meaning and effect.

11         82.    Discovery denies each and every allegation set forth in Paragraph 82 of

12  the Complaint.

13         83.    Discovery denies each and every allegation set forth in Paragraph 83 of

14  the Complaint, including its subparts.

15         84.    Discovery denies each and every allegation set forth in Paragraph 84 of

16  the Complaint.

17                            **FIFTH CLAIM FOR RELIEF**

18                               **Breach of Contract**

19              **[Production & Distribution Agreement for *The Little Couple*]**

20         85.    Discovery incorporates its responses to Paragraphs 1 through 84 above as

21  if fully set forth herein.

22         86.    Discovery denies each and every allegation set forth in Paragraph 86 of

23  the Complaint, except admits that it and LMNO entered into valid, binding and

24  enforceable contracts governing LMNO's production for Discovery of *The Little*

25  *Couple* and that those contracts include the November 2008 Attachment to the Master,

26  as amended by the Amended and Restated Master, the 2013 Amendment, and the

27  Little Couple Amendments.  Discovery respectfully refers the Court to each of these

28

ANSWER

documents for a full and complete statement of their terms and their meaning and effect.

87.     Discovery denies each and every allegation set forth in Paragraph 87 of the Complaint, except admits that it and LMNO entered into valid, binding and enforceable contracts governing LMNO's production for Discovery of *The Little Couple* and that those contracts include the November 2008 Attachment to the Master, as amended by the Amended and Restated Master, the 2013 Amendment, and the Little Couple Amendments.  Discovery respectfully refers the Court to each of these documents for a full and complete statement of their terms and their meaning and effect.

88.     Discovery denies each and every allegation set forth in Paragraph 88 of the Complaint, except admits that it did not exercise its option to order additional seasons of *The Little Couple* from LMNO following Season 8, and that it issued a notice of termination relating to *The Little Couple* on or around June 17, 2016. Discovery respectfully refers the Court to that notice of termination for a full and complete recitation of its contents.  Discovery avers that the relevant agreements between the parties address Discovery's rights as relates to *The Little Couple* upon termination and respectfully refers the Court to those agreements for a full and complete statement of their terms and meaning and effect.

89.     Discovery denies each and every allegation set forth in Paragraph 89 of the Complaint as they relate to Discovery and lacks knowledge or information sufficient to form a belief with respect to the allegations as they relate to LMNO or third parties and therefore denies those allegations.

90.     Discovery denies each and every allegation set forth in Paragraph 90 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Breach of Implied Contract

### [Production & Distribution of the Scotland/UK Special]

91.     Discovery incorporates its responses to Paragraphs 1 through 90 above as if fully set forth herein.

92.     Discovery denies each and every allegation set forth in Paragraph 92 of the Complaint, except admits LMNO provided Discovery with a document entitled "possible Scotland beats" and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.

93.     Discovery denies each and every allegation set forth in Paragraph 93 of the Complaint.

94.     Discovery denies each and every allegation set forth in Paragraph 94 of the Complaint.

95.     Discovery denies each and every allegation set forth in Paragraph 95 of the Complaint, and avers that the allegations regarding an "implied-in-fact contract" constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required to such allegations, Discovery denies those allegations.

96.     Discovery denies each and every allegation set forth in Paragraph 96 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

**For California Unfair Competition**

**[Cal. Bus. & Prof. Code. § 17200]**

97.     Discovery incorporates its responses to Paragraphs 1 through 96 above as if fully set forth herein.

98.     Discovery denies each and every allegation set forth in Paragraph 98 of the Complaint and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*. Discovery further avers that it, and not LMNO, is the source of the program known as *The Little Couple* entertainment services, and is viewed as the source of such services by the general public.

99.     Discovery denies each and every allegation set forth in Paragraph 99 of the Complaint, and avers that the allegations constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required to such allegations, Discovery denies those allegations.

100.     Discovery denies each and every allegation set forth in Paragraph 100 of the Complaint and avers that Discovery, not LMNO, is the registered owner of the mark THE LITTLE COUPLE for entertainment and educational services under registration number 4062239 and has also obtained common law trademark rights in the mark THE LITTLE COUPLE both for educational and entertainment services and for related goods and services that reference the program known as *The Little Couple*.

101.     Discovery denies each and every allegation set forth in Paragraph 101 of the Complaint.

ANSWER

# EIGHTH CLAIM FOR RELIEF

## Breach of Contract

### [Production and Distribution Agreement for *7 Little Johnstons*]

102.   Discovery incorporates its responses to Paragraphs 1 through 101 above as if fully set forth herein.

103.   Discovery denies the allegations set forth in Paragraph 103 of the Complaint, except admits that it conducted negotiations with LMNO regarding producing a second season of *7 Little Johnstons*.

104.   Discovery denies each and every allegation set forth in Paragraph 104 of the Complaint as they relate to Discovery, and lacks sufficient knowledge or information sufficient to form a belief as to the allegations as they relate to LMNO and therefore denies those allegations.

105.   Discovery denies each and every allegation set forth in Paragraph 105 of the Complaint, and avers that Paragraph 105 also contains allegations that constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required to such allegations, Discovery denies those allegations. Discovery further avers that the production of the second season of *7 Little Johnstons* by LMNO for Discovery was governed by various agreements not referenced in the Complaint and refers the Court to those agreements for a full and complete statement of their terms and their meaning and effect.

106.   Discovery denies each and every allegation set forth in Paragraph 106 of the Complaint, except admits that it sent a notice of termination relating to *7 Little Johnstons* on or around June 17, 2016, with an effective date of July 2, 2016. Discovery respectfully refers the Court to that notice for a full and complete recitation of its contents and refers the Court to the various agreements between the parties governing *7 Little Johnstons* for a full and complete statement of their terms and their meaning and effect, including as relates to Discovery's termination rights.

107.   Discovery denies each and every allegation set forth in Paragraph 107 of the Complaint.

108.   Discovery denies each and every allegation set forth in Paragraph 108 of the Complaint.

## NINTH CLAIM FOR RELIEF

### Breach of Written Contract

### [Production and Distribution Agreement for *Killer Confessions*]

109.   Discovery incorporates its responses to Paragraphs 1 through 108 above as if fully set forth herein.

110.   Discovery denies each and every allegation set forth in Paragraph 110 of the Complaint, except admits that Discovery and LMNO entered into the Coproduction Attachment for New Program dated August 20, 2014 (the "August 2014 Attachment") to the Master, as amended by the Amended and Restated Master, as further amended and supplemented by the 2013 Amendment.  Discovery further admits that it and LMNO entered into a contract concerning Season 2 of *Killer Confessions* dated as of November 23, 2015.  Discovery respectfully refers the Court to each of the relevant agreements for a full and complete recitation of their terms and their meaning and effect.

111.   Discovery admits that it has entered into certain agreements related to *Killer Confessions*, as identified in paragraph 110 of this Answer, and respectfully refers the Court to each of the relevant agreements for a full and complete recitation of their terms and their meaning and effect.

112.   Discovery denies each and every allegation set forth in Paragraph 112 of the Complaint.

113.   Discovery denies each and every allegation set forth in Paragraph 113 of the Complaint.

114.   Discovery denies each and every allegation set forth in Paragraph 114 of the Complaint.

1

## ANSWER TO PRAYER FOR RELIEF

2      115.   Discovery denies that LMNO suffered any injury or incurred any

3 damages by any act or omission of Discovery as alleged in the Complaint, and further

4 denies that LMNO is entitled to any relief under any theory, or as set forth in its

5 "Prayer for Relief," by means of the allegations set forth in each of the paragraphs and

6 their subparts in the Complaint.

7

## AFFIRMATIVE DEFENSES

8      Discovery asserts below its affirmative defenses as to all claims asserted against

9 Discovery in the Complaint.  Discovery does not concede that it has the burden of

10 proof as to any of the defenses listed below where such burden properly belongs to

11 LMNO.  Discovery expressly reserves the right to assert additional defenses as they

12 become known through the course of discovery.

13

## FIRST DEFENSE

14

### Failure to State a Claim for Relief

15      Neither LMNO's Complaint nor any claim for relief asserted therein states facts

16 sufficient to form a claim upon which relief can be granted against Discovery.

17

## SECOND DEFENSE

18

### Unclean Hands

19      LMNO's claims are barred, in whole or in part, by the doctrine of unclean

20 hands.

21

## THIRD DEFENSE

22

### Laches

23      LMNO's claims are barred, in whole or in part, by the doctrine of laches.

24

## FOURTH DEFENSE

25

### Unjust Enrichment

26      LMNO's claims are barred, in whole or in part, by the doctrine of unjust

27 enrichment.

28

## FIFTH DEFENSE

### Waiver and Estoppel

LMNO's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## SIXTH DEFENSE

### Failure to Perform Contractual Obligations

LMNO's claims are barred, in whole or in part, to the extent its failure to perform its contractual obligations discharged Discovery's duty to perform under the parties' various written agreements.

## SEVENTH DEFENSE

### Mitigation

LMNO's claims are barred, in whole or in part, because LMNO has failed to mitigate its damages, if any.

## EIGHTH DEFENSE

### Fraud

LMNO's claims are barred, in whole or in part, based on fraud committed by LMNO.

## NINTH DEFENSE

### Performance of Duties

LMNO's claims are barred, in whole or in part, because Discovery has fully performed any and all contractual and/or other obligations owed to LMNO.

## TENTH DEFENSE

### Justification and/or Excuse

LMNO's claims are barred, in whole or in part, because any alleged breach of the various written agreements by Discovery was justified and/or excused.

## ELEVENTH DEFENSE

### Adequate Remedy at Law

The injunctive relief sought by LMNO is barred because LMNO has an

ANSWER

1 | adequate remedy at law.

## TWELFTH DEFENSE

### No Copying of Original Elements

LMNO's claims are barred, in whole or in part, because Discovery did not copy original elements, if any, of LMNO's purported copyrighted works.

## THIRTEENTH DEFENSE

### Invalid Copyright Registration

LMNO's claims are barred, in whole or in part, to the extent that its purported copyright registrations are invalid and/or have not been properly obtained.

## FOURTEENTH DEFENSE

### Statute of Frauds

LMNO's claims are barred, in whole or in part, based on the statute of frauds.

## FIFTEENTH DEFENSE

### Prior Release/Settlement

LMNO's claims are barred, in whole or in part, based on prior releases and/or settlements.

## SIXTEENTH DEFENSE

### No Attorneys' Fees

LMNO's unfair competition claim under the Lanham Act does not constitute an exceptional case authorizing attorneys' fees under 15 U.S.C. § 1117(a).

## SEVENTEENTH DEFENSE

### Ratification/Consent

LMNO's claims are barred, in whole or in part, because of LMNO's ratification, agreement or consent to Discovery's alleged conduct.

## EIGHTEENTH DEFENSE

### Acquiescence

LMNO's claims are barred, in whole or in part, because of LMNO's acquiescence to Discovery's alleged conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETEENTH DEFENSE**

**Standing**

LMNO's Third Claim for Relief (common law trademark infringement) and Seventh Claim for Relief (unfair competition) are barred, in whole or in part, because LMNO is not the real party in interest and lacks standing to bring those claims as it does not own the mark "The Little Couple."

**TWENTIETH DEFENSE**

**First Amendment**

LMNO's Third Claim for Relief (common law trademark infringement) and Seventh Claim for Relief (unfair competition) are barred, in whole or in part, insofar as they challenge the exercise of rights protected by the First Amendment to the United States Constitution.

**TWENTY-FIRST DEFENSE**

**No Protectable "Idea"**

LMNO's claims are barred, in whole or in part, because the "idea" that LMNO claims to have originated for a television program is not protectable.

**TWENTY-SECOND DEFENSE**

**No Protectable "Idea"**

LMNO's claims are barred, in whole or in part, because LMNO's alleged program "idea" was not original, unique, or novel, and therefore cannot give rise to a claim under applicable law.

**TWENTY-THIRD DEFENSE**

**Additional Defenses**

Discovery expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses if and when they become appropriate in this Action.

ANSWER

## **PRAYER FOR RELIEF**

WHEREFORE, Discovery denies that it is liable to LMNO for any amount and prays as follows:

1.   That the Court dismiss the Complaint with prejudice;

2.   That the Court enter judgment in favor of Discovery;

3.   That LMNO have, take, and recover nothing against Discovery by virtue of its causes of action herein;

4.   That this Court award Discovery its costs, attorneys' fees and expenses in the amount and manner permitted by applicable law; and

5.   That this Court grant Discovery such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Discovery hereby demands a trial by jury to decide all issues so triable in this case.

Dated: August 1, 2016                              GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Scott A. Edelman

Scott A. Edelman, State Bar No. 116927
Nathaniel L. Bach, State Bar No. 246518
2029 Century Park East, Suite 4000
Los Angeles, California 90067
(310) 552-8500
sedelman@gibsondunn.com

WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides
Randi W. Singer
David Yolkut
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
theodore.tsekerides@weil.com

*Attorneys for Defendant Discovery Communications, LLC*

26
ANSWER