Theodore E. Tsekerides (admitted *pro hac vice*)
theodore.tsekerides@weil.com
Randi W. Singer (admitted *pro hac vice*)
randi.singer@weil.com
David Yolkut (admitted *pro hac vice*)
david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Scott A. Edelman, State Bar No. 116927
SEdelman@gibsondunn.com
Nathaniel L. Bach, State Bar No. 246518
NBach@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2029 Century Park East, Suite 4000
Los Angeles, California 90067
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

Attorneys for Defendant & Counterclaim Plaintiff
DISCOVERY COMMUNICATIONS, LLC

STEPHEN R. MICK (SBN 131569)
smick@btlaw.com
KEVIN D. RISING (SBN 211663)
krising@btlaw.com
DAVID W. NELSON (SBN 240040)
dnelson@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:   310.284.3880
Facsimile:    310.284.3894

Attorneys for Plaintiff and Counter-Defendants
LMNO CABLE GROUP, INC. and
LMNO ENTERTAINMENT GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMNO CABLE GROUP, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>DISCOVERY COMMUNICATIONS, | CASE NO. 2:16-cv-4543-JAK-SK<br><br>**PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE STEVE KIM]** |

1

PROTECTIVE ORDER

| | |
|---|---|
| | LLC, a Delaware limited liability company, |
| | Defendant. |
| | |
| | DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company, |
| | Counterclaim Plaintiff, |
| | v. |
| | LMNO CABLE GROUP, INC., a California corporation, LMNO ENTERTAINMENT GROUP, LLC, a California limited liability company, |
| | Counterclaim Defendants. |

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from

the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

    2.1  Action:  this pending federal lawsuit.

    2.2  Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    "HIGHLY CONFIDENTIAL" Information or Items:  extremely sensitive information (regardless of how it is generated, stored or maintained) or tangible things, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm and/or irreparable injury that could not be avoided by less restrictive means.

    2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    Where a Non-Party produces documents to a Party and does not on its own designate documents within its production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," a Party may, within 14 days of the receipt of such documents—or if not the subpoenaing Party, within 14 days of first receiving or being shown a copy of such documents—itself designate such Non-Party's documents as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if they otherwise meet the requirements for such designation under this Order.

    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend or "HIGHLY CONFIDENTIAL" legend, as applicable, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b) for information given in response to interrogatories or requests for admission, that the Producing Party designate, at the time the response is served, that

part of the response that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

   (c) for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all testimony that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 14 days to identify specific portions of the testimony as to which such protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterward if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

  Parties shall give the other Parties notice if they reasonably expect a deposition to include "HIGHLY CONFIDENTIAL" material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL."

  Deposition transcripts containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as

if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable, in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters and their staff;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  (h) employees of a Producing Party during their deposition; and

  (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

  (b) no more than two House Counsel for the Receiving Party;

  (c) Experts (as defined by this Order) of either Party (1) to whom disclosure is reasonably necessary for this action, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and the Court's staff;

  (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

  (f) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information; and

   (g) employees of a Producing Party during their deposition.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party must:

   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

   (a) The terms of this Order are applicable to information produced by a

Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. FILING PROTECTED MATERIAL

In the event that any documents containing Protected Material (including information copied or extracted from Protected Material; copies, excerpts, summaries, or compilations of Protected Material; and any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material) are filed with the Court, the Party filing the Protected Material must comply with Central District of California Local Rule 79-5, or, where applicable, any Standing Order regarding under-seal filings.

13. MISCELLANEOUS

    13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.  Under no circumstances shall a Receiving Party's decision not to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation be interpreted to mean or used to argue that the Receiving Party admits or agrees such information actually qualifies for the designation.  Furthermore, nothing in this Protective Order shall diminish any Designating Party's right to contend in any other proceedings that information produced herein without a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is nonetheless proprietary and subject to appropriate protection under applicable law.

    13.3  No waiver.  The failure to object to any designation or any such action or omission shall not constitute a waiver of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary, is or is not entitled to particular protection, or that such information embodies trade secrets.

    13.4  Advice of Counsel to Party.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on materials produced by any Party or Non-Party; provided, however, that in rendering such advice, counsel shall not disclose, reveal, or describe any such materials except insofar as allowed under the terms of this Order.

    13.5  No Probative Value.  The fact that information is designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular information or material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue in this case, provided that in doing so the Party complies with Section 6 of this Protective Order. Absent a stipulation of all Parties, the fact that information has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed as admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

13.6 <u>Amendment</u>. Either party may move the Court to amend this Order at any time. Moreover, Parties entering into this Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

13.7 <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may deem appropriate.

14. <u>Final Disposition</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). Nothing in this section shall prohibit the Parties from maintaining disaster recovery backup tapes or backup servers that contain backup copies of the Protected Material so long as the Protected Material will be destroyed from those backups in the ordinary course of recycling the backup materials, and so long as the Parties do not restore or access the Protected Material from the backup tapes or servers.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 1, 2016

THEODORE E. TSEKERIDES
RANDI W. SINGER
DAVID YOLKUT
**WEIL, GOTSHAL & MANGES LLP**

SCOTT A. EDELMAN
NATHANIEL L. BACH
**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ Scott A. Edelman
         Scott A. Edelman
Attorneys for Defendant/Counterclaim Plaintiff


DATED: November 1, 2016

STEPHEN R. MICK
DAVID W. NELSON
**BARNES & THORNBURG LLP**

By:  /s/ Stephen R. Mick[1]
         Stephen R. Mick
Attorneys for Plaintiff/Counterclaim Defendants


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 11/02/2016

_____
Honorable Steve Kim
United States Magistrate Judge

---

[1] Pursuant to L.R. 5-4.3.4(a)(2)(i), counsel for Discovery Communications, LLC, Scott A. Edelman, certifies that all other signing counsel concur in this filing's content and have authorized the filing with their electronic signature.

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *LMNO Cable Group, Inc. v. Discovery Communications, LLC*, No. 2:16-cv-4543-JAK-SK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State Where Sworn and Signed: _____

Printed Name: _____

Signature: _____