UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04543 JAK (SKx) | Date | May 23, 2017 |
| Title | LMNO Cable Group, Inc. v. Discovery Communications, LLC | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, United States Magistrate Judge |

| | |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER CONDITIONALLY GRANTING DISCOVERY'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES (ECF NO. 115) AND PERMITTING OPTIONAL SUPPLEMENTAL REPLIES**

Defendant and Counter-Plaintiff Discovery Communications, LLC ("Discovery") moves to compel Plaintiffs and Counter-Defendants LMNO Cable Group, Inc. and LMNO Entertainment Group, Inc. (collectively, "LMNO") to answer Discovery's First Set of Interrogatories. (ECF No. 115). LMNO answered none of the interrogatories and objected to them in their entirety on the ground that the interrogatories, while ostensibly propounded as 20 separate questions, exceed the presumptive numerical limit of 25 written interrogatories set by Federal Rule of Civil Procedure 33(a)(1) when discrete subparts of each question are counted. LMNO's objection turns primarily on the parties' definition of PROGRAMS, as used during discovery in this case, which include 14 CO-PRODUCED PROGRAMS and two COMMISSIONED PROGRAMS. (ECF No. 115-2 at 13-14). LMNO also contends that the interrogatories are impermissibly compound to the extent that they seek both answers and identification of the documents supporting those answers.

What constitutes a separate interrogatory "is often a case-specific inquiry," *Synopsys, Inc. v. ATopTech, Inc.*, 2016 WL 6782028, at *2 (N.D. Cal. Nov. 16, 2016), and "[d]etermining whether an interrogatory counts as a separate question requires a pragmatic approach," *Gibson Brands Inc. v. John Hornby Skewes & Co. Ltd.*, 2015 WL 12681376, at *4 (C.D. Cal. July 20, 2015) (internal quotations and citation omitted). "It is well accepted that subparts count collectively as one interrogatory if 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Mailhoit v. Home Depot U.S.A., Inc.*, 2012 WL 12883970, at *2 (C.D. Cal. Sept. 5, 2012) (citation omitted). "[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998) (internal quotations and citation omitted). But "[i]nterrogatories requesting (1) facts (information about a certain event), (2) persons (identify each person who knew), and (3) documents

(identify documents in support) have three discrete subparts, with different themes." *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, 2015 WL 11237459, at *3 (S.D. Cal. Mar. 20, 2015).

The Court agrees with LMNO that Discovery's interrogatories are -- technically -- compound to the extent that within each interrogatory they seek both answers to questions and identification of any "any DOCUMENTS that reflect or otherwise substantiate" those answers. *See Audatex*, 2015 WL 11237459, at *3. However, since Discovery could propound a discrete interrogatory asking for the identification of all DOCUMENTS that support the answers in preceding interrogatories, under a pragmatic approach, the Court considers embedded interrogatory requests for identification of DOCUMENTS used to support answers, collectively, as one additional interrogatory to be counted against the limit of 25 interrogatories. There is no need, however, to amend and renumber Discovery's First Set of Interrogatories to account for this recalculation. The Court does not agree with LMNO that the additional request for identification of supporting documents, by itself, necessarily doubles the total number of propounded interrogatories.

LMNO's overriding objection to Discovery's First Set of Interrogatories is that, because of how the parties have defined PROGRAMS to include 16 different television shows, and because Discovery has also included questions concerning all pilots, seasons and special episodes for each show in its interrogatories, the actual number of discrete questions in any single interrogatory can approach as many as 41 discrete questions – well more than the presumptive 25 limit – because there were at least 41 separate seasons of the 16 shows combined. The Court finds that analysis and calculation overwrought. All the PROGRAMS, including their individual shows -- whether they be a pilot, regular or special episode -- are "logically or factually subsumed within and necessarily related to the primary question" of each interrogatory. *Mailhoit*, 2012 WL 12883970, at *2. Though each of LMNO's overarching answers to the 20 interrogatories will necessarily require sub-answers for each separate Program, as well as their pilot, seasonal or special episodes, if any, those "details concern[]" the "common theme" and subject matter of each propounded interrogatory. *Safeco*, 181 F.R.D. at 444. Indeed, it seems LMNO itself propounded a single interrogatory asking for information related to all 16 PROGRAMS. (ECF No. 115-2 at 28-29). Accepting LMNO's view would mean that LMNO has also exceeded the 25-numerical limit in its first set of interrogatories. The Court therefore concludes that the use of the defined term PROGRAMS in Discovery's First Set of Interrogatories does not, by itself, enlarge the number of interrogatories that Discovery propounded beyond the 25-numerical limit under Rule 33(a)(1) just because PROGRAMS is defined to include 16 different television shows. Nor does the Court find that the mere inclusion of questions concerning the pilots, seasons, and special episodes of each PROGRAM in the interrogatories, without more, should alter the calculation. Thus, to the extent that LMNO's only substantive objection to Discovery's First Set of Interrogatories is based upon the 25-numerical limitation in Rule 33(a)(1), the objection is not well-founded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04543 JAK (SKx) | Date | May 23, 2017 |
| Title | LMNO Cable Group, Inc. v. Discovery Communications, LLC | | |

That said, the fact that Discovery's interrogatories, as currently drafted, may not exceed the 25-numerical limit of Rule 33(a)(1) does not mean they are automatically immune from scrutiny under Rules 26(b)(1) and (2) of the Federal Rules of Civil Procedure. Although LMNO has lodged boilerplate objections to the interrogatories based on scope, burden and the like, it has not meaningfully pressed or properly developed any of those objections in the parties' joint stipulation. If LMNO intends to meaningfully present for the Court's consideration any substantive objections to the 20 Interrogatories that it has not otherwise waived (other than the 25-numerical limit objection presented in the joint stipulation), it may do so in an optional supplemental reply that shall be filed within 7 days of the date of this order. Within 7 days of service of any such reply by LMNO, Discovery may file an optional supplemental reply in response to LMNO's reply.

In lieu of additional briefing, however, the parties remain free – and are, in fact, encouraged – to cooperate as needed to narrow the scope or reduce the number of interrogatories by agreement (without court intervention) based on reasons other than the 25-numerical limit. In the absence of any such alternative agreement between the parties, if LMNO files no optional supplemental reply, Discovery's motion to compel shall be deemed conclusively granted for the reasons stated herein as of the next day following LMNO's deadline to file an optional supplemental reply, and the hearing on this matter currently set for June 12, 2017 shall be vacated automatically. If the parties file optional supplemental replies, the matter shall remain set for hearing on June 12, 2017, unless the Court deems the matter suitable for decision without oral argument and notifies the parties accordingly.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Discovery's Motion to Compel Answers to its First Set of Interrogatories, recalculated herein as propounding 21 Interrogatories, is CONDITIONALLY GRANTED subject to the filing of an optional supplemental reply by LMNO in opposition to Discovery's motion to compel based on substantive objections (other than the 25-numerical limit objection) that have not been waived.

2. If LMNO files no optional supplemental reply within 7 days of the date of this order, Discovery's Motion to Compel shall be deemed conclusively granted as of the day after LMNO's filing deadline without further order of the Court, and the hearing set on this matter for June 12, 2017 shall be automatically vacated. LMNO shall then have 10 days from the granting of the motion to comply and provide complete answers to Discovery's First Set of Interrogatories, unless Discovery agrees to a later date.

3. If filed, the parties' optional supplemental replies in opposition to and in further support of Discovery's Motion to Compel may not exceed 10 pages each (exclusive of

declarations or exhibits). If such optional supplemental replies are filed, the hearing on this matter shall remain set for June 12, 2017, absent further order of the Court.

4. In lieu of supplemental briefing, the parties may by agreement (without court intervention) stipulate to reduce the number or narrow the scope of Discovery's First Set of Interrogatories for any reasons other than the 25-numerical limit; nothing in this order precludes such cooperation. If the parties reach such agreement sooner than 7 days after this order, they shall notify the Clerk so that this matter may be taken off calendar. However, in the absence of any such agreement, and subject to any supplemental replies that the parties may optionally file, LMNO shall otherwise answer the interrogatories as propounded without objection based on the 25-numerical limit.

**IT IS SO ORDERED.**