STEPHEN R. MICK (SBN 131569)
smick@btlaw.com
KEVIN D. RISING (SBN 211663)
krising@btlaw.com
DAVID W. NELSON (SBN 240040)
dnelson@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:     310.284.3880
Facsimile:     310.284.3894

Attorneys for Plaintiff and Counter-Defendants
LMNO CABLE GROUP, INC. and
LMNO ENTERTAINMENT GROUP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMNO CABLE GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 2:16-cv-4543-JAK-SK<br><br>[The Honorable John A. Kronstadt]<br><br>**DECLARATION OF DAVID W. NELSON IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANTS LMNO CABLE GROUP, INC. AND LMNO ENTERTAINMENT GROUP, LLC'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>LMNO CABLE GROUP, INC., a California corporation, and LMNO ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>Counter-Defendants. | **REDACTED FOR PUBLIC FILING**<br><br>Date:          July 24, 2017<br>Time:          8:30 a.m.<br>Crtrm:         10B<br><br>Judge:         Hon. John A. Kronstadt |

1

## DECLARATION OF DAVID W. NELSON

I, David W. Nelson, declare:

1.     I am an attorney duly admitted to practice law before all courts of the State of California and before the Court for the United States District Court for the Central District of California.  I am a partner with the law firm of Barnes & Thornburg LLP, counsel of record for plaintiff and counter-defendants LMNO Cable Group, Inc. and LMNO Entertainment Group, LLC. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.  I submit this declaration in support of Plaintiff and Counter-Defendants LMNO Cable Group, Inc. and LMNO Entertainment Group, LLC's Motion for Leave to File Second Amended Complaint.

### Out-of-License Broadcasts of *The Little Couple* by Discovery and the Infringing Broadcasters

2.     As the creator and producer of *The Little Couple*, LMNO maintaining and registering copyrights in each of the episodes in seasons 1 through 8 of *The Little Couple*. Discovery was granted a contractual license to distribute and broadcast certain episodes of *The Little Couple*, in North America, during a defined license period. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Coproduction Attachment for New Program for *The Little Couple*, then referred to as *Little People Couple*. Paragraph 3 of the Attachment, entitled "Grant of Rights," sets forth the terms of Discovery's contractual license for the show. By its terms, Discovery's license to exhibit *The Little Couple* expired no later than February 15, 2014.

3.     At her May 9, 2017 deposition, Discovery's 30(b)(6) witness confirmed the plain reading the contractual license for *The Little Couple*, admitting that Discovery's contractual license to broadcast episodes in seasons 1 through 5 of *The Little Couple* expired on February 15, 2014. A true and correct copy of certain portions of the transcript of Lisa Williams-Fountroy's May 9, 2017 deposition is attached hereto as <u>Exhibit B</u>.

4.     During discovery, LMNO began to suspect that Discovery may have continued to broadcast episodes from Seasons 1 through 5 of *The Little Couple* after the expiration of the license period. Thus, LMNO served an interrogatory on Discovery asking it to "[i]dentify each exhibition of any episode from Seasons 1through 5 of LITTLE COUPLE on TLC or any other DISCOVERY network from January 1, 2014 to the present . . . ." Discovery responded by stating that it would produce documents sufficient to provide the requested information. A true and correct copy of Discovery's responses and objections to this interrogatory is attached hereto as Exhibit C.

5.     After completing a review of Discovery's documents, it was evident that Discovery had not produced the document(s) that it had promised showing Discovery's exhibition of episodes from Seasons 1 through 5 of *The Little Couple*. Thus, LMNO met and conferred with Discovery regarding the production of this document. After LMNO's meet and confer, on May 7, 2017, Discovery produced a document showing that it had infringed LMNO's copyrights by broadcasting at least 83 separate out-of-license episodes of *The Little Couple* through at least 300 broadcasts after the April 15, 2014 expiration of the contractual license period. A true and correct copy of this document is attached hereto as Exhibit D.

6.     Prior to LMNO's receipt of the document attached as Exhibit D on May 7, 2017, it had not confirmed whether Discovery had broadcast out-of-license episodes of *The Little Couple*, and would not have had a sufficient factual basis to bring a claim for copyright infringement. Consistent with its Rule 11 obligations, LMNO sought to investigate its suspicion that Discovery had broadcast out-of-license episodes prior to bringing this claim.

7.     This newly discovered claim also brings in new parties: the satellite and cable television broadcasters that broadcast the infringing episodes through their satellite and cable systems, and with each of whom Discovery is jointly and severally liable for copyright infringement. LMNO seeks to bring claims against national satellite systems operators Directv, LLC and DISH Network, L.L.C., and 19 separate cable

systems operators who each operate cable systems in the State of California under the brand "Xfinity." Each of Directv, DISH Network, and Xfinity broadcast Discovery's TLC network, on which most of the infringing episodes were broadcast. As with the claim against Discovery, LMNO did not have a sufficient factual basis to assert claims against these broadcasters prior to obtaining Discovery's document disclosing the infringing broadcasts on May 7, 2017. LMNO intends to bring these claims either though this action, or through a separate action against these new defendants.

### Discovery's Infringement of LMNO's Intellectual Property Rights in *Unusual Suspects*

8.     As with *The Little Couple*, LMNO is the creator and owner of the copyrights and trademark for the television series *Unusual Suspects*, and LMNO licensed certain broadcast rights to Discovery. Specifically, for Seasons 1 through 4 of *Unusual Suspects*, LMNO granted Discovery a license to exhibit *Unusual Suspects* in North America through November 15, 2013. A true and correct copy of the Coproduction Attachment for New Program for *Unusual Suspects* is attached hereto as Exhibit E.

9.     Through discovery, Discovery produced a contract that it entered with another producer to produce a ninth season of *Unusual Suspects*. A true and correct copy of the contract is attached hereto as Exhibit F. The contract is dated as of September 1, 2016, and was executed by Discovery on September 30, 2016.

10.     At his May 10, 2017 deposition, Discovery's 30(b)(6) witness confirmed that Discovery is producing, and intends to broadcast, new episodes of *Unusual Suspects* with another production company. A true and correct copy of certain portions of the transcript of Jhamal Robinson's May 10, 2017 deposition is attached hereto as Exhibit G.

11.     Either through supplemental claims in this action, or through a separate action, LMNO intends to seek relief for Discovery's wrongful production of derivative episodes of *Unusual Suspects* and continued use of LMNO's "Unusual Suspects"

trademark by bringing claims against Discovery for (1) copyright infringement, (2) unfair competition under Lanham Act § 43(A), (3) common law copyright infringement, and (4) unfair competition under Cal. Bus. & Prof. Code § 17200.

12.     Given the information that LMNO has recently learned regarding Discovery's out-of-license broadcasts of episodes of *The Little Couple*, LMNO also now has a reasonable basis to believe that Discovery similarly broadcast out-of-license episodes from Seasons 2 through 4 of *Unusual Suspects* (Discovery and LMNO negotiated an extension of the license for Season 1). These infringing broadcasts again would implicate both Discovery and each of the satellite and cable television systems operators that broadcast programming for Discovery's Investigation Discovery network, which includes Directv, DISH Network, and Xfinity. LMNO intends to bring these claims against these broadcasters either through this action or through a separate action.

### Discovery's Infringement of LEG's Copyrights in Season 2 of *7 Little Johnstons*

13.     LEG shot and produced Season 2 of *7 Little Johnstons*. While the parties dispute the specific terms of the agreement for this production, they agree that there was no written agreement executed by the parties concerning this production. (*See, e.g.,* Ex. B, 294:18-295:22.) Discovery has not obtained any written assignment of the copyright for LEG's works from LEG, nor has LEG provided Discovery with a license to use these works for any purpose.

14.     While the Court required LEG to turn over to Discovery physical possession of the digital footage produced by LEG, the Magistrate Judge's Report and Recommendation adopted by the Court expressly recognized that transfer of the physical footage "will not prejudice LMNO's claims for damages or impair its asserted intellectual property rights." (Report and Recommendation [DK #78-1], 11:6-9.)

15.     On May 2, 2017, Discovery began broadcasting episodes of *7 Little Johnsons*, which include LEG's copyrighted works. A schedule for the episodes that

1  Discovery has broadcast, including the premier date of each episode, can be found at

2  https://www.tlc.com/tv-shows/7-little-johnstons.

3         16.    Either through a supplemental claim in this action, or through a separate

4  action, LEG intends to bring a claim against Discovery and the satellite and cable

5  television systems operators that broadcast the programs on Discovery's TLC network,

6  which includes Directv, DISH Network, and Xfinity.

7         17.    Pursuant to L.R. 7-3, I met and conferred with counsel for Discovery

8  regarding this intended motion on May 25, 2017. A true and correct copy of a May 24,

9  2017 letter that I sent to initiate this meet and confer is attached hereto as Exhibit H.

10 Discovery indicated that it would oppose LMNO and LEG's request to assert claims

11 against satellite and television systems operators and LEG's request to assert a

12 copyright claim arising from Discovery's infringement of LEG's copyrights in the

13 digital footage shot by LEG for Season 2 of *7 Little Johnstons*, but has not indicated

14 whether it will oppose the other relief requested through the motion.

15

16        I declare under penalty of perjury under the laws of the United States of America

17 that the foregoing is true and correct.

18        Executed on this 5th day of June, 2017, at Los Angeles, California.

19

20                                        /s/ David W. Nelson

21                                        David W. Nelson

22

23

24

25

26

27

28

DECLARATION OF DAVID W. NELSON

# EXHIBIT A

# REDACTED FOR PUBLIC FILING

# EXHIBIT B

# REDACTED FOR
# PUBLIC FILING

# EXHIBIT C

1   Theodore E. Tsekerides (admitted *pro hac vice*)
        theodore.tsekerides@weil.com
2   Randi W. Singer (admitted *pro hac vice*)
        randi.singer@weil.com
3   David Yolkut (admitted *pro hac vice*)
        david.yolkut@weil.com
4   **WEIL, GOTSHAL & MANGES LLP**
    767 Fifth Avenue
5   New York, NY 10153-0119
    Telephone: (212) 310-8000
6   Facsimile: (212) 310 8007

7   Scott A. Edelman, State Bar No. 116927
        SEdelman@gibsondunn.com
8   Nathaniel L. Bach, State Bar No. 246518
        NBach@gibsondunn.com
9   **GIBSON, DUNN & CRUTCHER LLP**
    2029 Century Park East, Suite 4000
10  Los Angeles, California 90067
    Telephone: (310) 552-8500
11  Facsimile: (310) 551-8741

12  Attorneys for Defendant/Counterclaim Plaintiff
    DISCOVERY COMMUNICATIONS, LLC
13

14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| LMNO CABLE GROUP, INC., a California corporation, | CASE NO. 2:16-cv-4543-JAK-SK |
| Plaintiff, | HONORABLE JOHN A. KRONSTADT |
| v. | **DEFENDANT/COUNTERCLAIM PLAINTIFF DISCOVERY COMMUNICATIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTER-DEFENDANTS' SECOND SET OF INTERROGATORIES** |
| DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company, | |
| Defendant. | |

1

1
2

DISCOVERY COMMUNICATIONS,
LLC, a Delaware limited liability
company,

3
4

Counterclaim
Plaintiff,

5

v.

6
7

LMNO CABLE GROUP, INC., a
California corporation, LMNO
ENTERTAINMENT GROUP, LLC, a
California limited liability company,

8
9

Counterclaim
Defendants.

10
11
12

**PROPOUNDING PARTY:**   Plaintiff and Counterclaim Defendant LMNO
Cable Group, Inc. and Counterclaim Defendant
LMNO Entertainment Group, LLC

13
14

**RESPONDING PARTY:**   Defendant and Counterclaim Plaintiff
Discovery Communications, LLC

15

**SET NUMBER**:   Two

16
17
18
19
20
21
22
23
24
25

    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant and
Counterclaim Plaintiff Discovery Communications, LLC ("Discovery") hereby
objects and responds to Plaintiff's and Counterclaim Defendants', LMNO Cable
Group, Inc. ("LMNO") and LMNO Entertainment Group, LLC ("LEG", and together
with LMNO, the "LMNO Defendants"), Second Set of Interrogatories (the
"Interrogatories").  Discovery provides these written responses to the LMNO
Defendants' Interrogatories subject to the general and specific objections stated below
and expressly reserves the right to supplement, modify, revise, or correct the
responses and objections herein at any time.

26
27
28

2

DEFENDANT/COUNTERCLAIM PLAINTIFF DISCOVERY COMMUNICATIONS, LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFF AND COUNTER-DEFENDANTS' SECOND SET OF INTERROGATORIES

# **GENERAL OBJECTIONS**

The following General Objections apply to each and every Interrogatory and are incorporated into each of the following responses as if set forth fully therein.

1.       Discovery objects to the Interrogatories to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, common interest protection, or any other rule of privilege, confidentiality, or immunity provided by law.  Discovery does not waive, and hereby asserts and preserves all such applicable privileges and protections.

2.       Discovery objects to the Interrogatories to the extent that they call for information or documents that are not within Discovery's knowledge on the ground that such Interrogatories are unduly burdensome and oppressive and are not authorized by the Federal Rules of Civil Procedure.

3.       Discovery objects to the definition of "YOU," "YOUR," and "DISCOVERY" as overbroad, as well as vague and ambiguous, to the extent that it purports to include "all of [Discovery's] predecessors, successors, subsidiaries, members, parents, related entities, controlling entities, and any of these entities' employees, representatives, and agents."

4.       Discovery objects to the definition of "DOCUMENT" or "DOCUMENTS" to the extent that it would impose obligations beyond those imposed by applicable provisions of the Federal Rules of Civil Procedure, the rules of this Court, and the case law interpreting them.

5.       Discovery's investigation, discovery, and evaluation of this matter is ongoing and not yet complete.  Although these responses, subject to Discovery's objections, to the LMNO Defendants' Interrogatories are complete to the extent of Discovery's knowledge based on its review of its files and records to date, Discovery

3

1  reserves the right to:

2        a. rely on, make any use of, or introduce information, facts, documents,

3           or other evidence that may develop or come to Discovery's attention

4           at a later time, including but not limited to any information obtained

5           during discovery;

6        b. assert additional objections and/or supplementary responses should

7           Discovery discover additional documents, information, or grounds for

8           objections;

9        c. use at trial in this action information that it may later determine to

10          have been responsive to the LMNO Defendants' Interrogatoies; and

11       d. revise, correct, supplement, or clarify any of its responses at any time

12          pursuant to Federal Rule of Civil Procedure 26(e).

13     6.     Discovery reserves the right to respond to these Interrogatories by

14 referring LMNO to documents produced in the case with sufficient detail to permit

15 LMNO to locate and identify them as readily as Discovery could.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO THE INTERROGATOIRES

**INTERROGATORY NO. 15:**

Identify each exhibition of any episode from Seasons 1 through 5 of LITTLE COUPLE on TLC or any other DISCOVERY network from January 1, 2014 to the present, including the episode exhibited and the date and time of the exhibition.

**RESPONSE TO INTERROGATORY NO. 15**

Subject to the foregoing General Objections, Discovery responds that it will produce documents sufficient to provide information responsive to this Interrogatory to the extent available.

**INTERROGATORY NO. 16:**

State the total amount of revenue earned by DISCOVERY that is attributable to DISCOVERY's exploitation of LITTLE COUPLE, broken down by broadcast season.

**RESPONSE TO INTERROGATORY NO. 16**

Discovery objects to this Interrogatory on the grounds that it makes assumptions regarding whether revenue can be attributed to any particular program. Subject to the foregoing specific objection and the General Objections, Discovery responds that it does not track revenue attributable to any individual programs in the ordinary course of business and that no documents or information exist regarding the total amount of revenue attributable to the exploitation of any individual program.

**INTERROGATORY NO. 17:**

State the total amount of revenue earned by DISCOVERY that is attributable to DISCOVERY's exploitation of CORONER, broken down by broadcast season.

1  **RESPONSE TO INTERROGATORY NO. 17**

2      Discovery objects to this Interrogatory on the grounds that it makes

3  assumptions regarding whether revenue can be attributed to any particular program.

4  Subject to the foregoing specific objection and the General Objections, Discovery

5  responds that it does not track revenue attributable to any individual programs in the

6  ordinary course of business and that no documents or information exist regarding the

7  total amount of revenue attributable to the exploitation of any individual program.

8  **INTERROGATORY NO. 18:**

9      State the total amount of revenue earned by DISCOVERY that is attributable to

10  DISCOVERY's exploitation of 7 LITTLE JOHNSTONS, broken down by broadcast

11  season.

12  **RESPONSE TO INTERROGATORY NO. 18**

13      Discovery objects to this Interrogatory on the grounds that it makes

14  assumptions regarding whether revenue can be attributed to any particular program.

15  Subject to the foregoing specific objection and the General Objections, Discovery

16  responds that it does not track revenue attributable to any individual programs in the

17  ordinary course of business and that no documents or information exist regarding the

18  total amount of revenue attributable to the exploitation of any individual program.

19  **INTERROGATORY NO. 19:**

20      State the total amount of revenue earned by DISCOVERY that is attributable to

21  DISCOVERY's exploitation of UNUSUAL SUSPECTS, broken down by broadcast

22  season.

23  **RESPONSE TO INTERROGATORY NO. 19**

24      Discovery objects to this Interrogatory on the grounds that it makes

25  assumptions regarding whether revenue can be attributed to any particular program.

26

27                                        6

28

1  Subject to the foregoing specific objection and the General Objections, Discovery

2  responds that it does not track revenue attributable to any individual programs in the

3  ordinary course of business and that no documents or information exist regarding the

4  total amount of revenue attributable to the exploitation of any individual program.

5  **INTERROGATORY NO. 20:**

6      State the total amount of revenue earned by DISCOVERY that is attributable to

7  DISCOVERY's exploitation of KILLER CONFESSIONS, broken down by broadcast

8  season.

9  **RESPONSE TO INTERROGATORY NO. 20**

10      Discovery objects to this Interrogatory on the grounds that it makes

11  assumptions regarding whether revenue can be attributed to any particular program.

12  Subject to the foregoing specific objection and the General Objections, Discovery

13  responds that it does not track revenue attributable to any individual programs in the

14  ordinary course of business and that no documents or information exist regarding the

15  total amount of revenue attributable to the exploitation of any individual program.

16  **INTERROGATORY NO. 21:**

17      State the total amount of revenue earned by DISCOVERY that is attributable to

18  DISCOVERY's exploitation of HOLLYWOOD CRIME, broken down by broadcast

19  season.

20  **RESPONSE TO INTERROGATORY NO. 21**

21      Discovery objects to this Interrogatory on the grounds that it makes

22  assumptions regarding whether revenue can be attributed to any particular program.

23  Subject to the foregoing specific objection and the General Objections, Discovery

24  responds that it does not track revenue attributable to any individual programs in the

25

26

27

28

7

1    ordinary course of business and that no documents or information exist regarding the

2    total amount of revenue attributable to the exploitation of any individual program.

3    **INTERROGATORY NO. 22:**

4        State the total amount of revenue earned by DISCOVERY that is attributable to

5    DISCOVERY's exploitation of any of the PROGRAMS, broken down by program

6    and broadcast season.

7    **RESPONSE TO INTERROGATORY NO. 22**

8        Discovery objects to this Interrogatory on the grounds that it makes

9    assumptions regarding whether revenue can be attributed to any particular program.

10   Subject to the foregoing specific objection and the General Objections, Discovery

11   responds that it does not track revenue attributable to any individual programs in the

12   ordinary course of business and that no documents or information exist regarding the

13   total amount of revenue attributable to the exploitation of any individual program.

14   Dated: April 17, 2017          WEIL, GOTSHAL & MANGES LLP

15

16                     By:  /s/ Theodore E. Tsekerides

17                        Theodore E. Tsekerides
                     Randi W. Singer

18                        David Yolkut
                     767 Fifth Avenue

19                        New York, New York 10153
                     (212) 310-8000

20                        theodore.tsekerides@weil.com

21                        GIBSON, DUNN & CRUTCHER LLP
                     Scott A. Edelman, State Bar No. 116927

22                        Nathaniel L. Bach, State Bar No. 246518
                     2029 Century Park East, Suite 4000

23                        Los Angeles, California 90067
                     (310) 552-8500

24                        SEdelman@gibsondunn.com

25                        *Attorneys for Defendant and Counterclaim*
                     *Plaintiff*

26

27                                   8

28

## VERIFICATION

I, Jhamal Robinson, Senior Vice President, Production Management at Discovery Communications, LLC ("Discovery"), am authorized to sign this verification on behalf of Discovery. I have read the answers set forth in Defendant/Counterclaim Plaintiff Discovery Communications, LLC's Responses and Objections to Plaintiff and Counter-Defendants' Second Set of Interrogatories, and the same are believed to be true and correct based upon information and belief, my own knowledge, and/or information provided by or obtained from other persons, records and documents.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: April 17, 2017
         Los Angeles, California

                                                    _____
                                                    Jhamal Robinson

9

**PROOF OF SERVICE**

I, Kristina Eckert, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071-3197, in said County and State. On April 17, 2017, I served the following document(s):

DEFENDANT/COUNTERCLAIM PLAINTIFF DISCOVERY COMMUNICATIONS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTER-DEFENDANTS SECOND SET OF INTERROGATORIES

on the parties stated below, by the following means of service:

Stephen Mick                                    Attorneys for LMNO Entertainment
Kevin Rising                                    Group, LLC and LMNO Cable Group,
David Nelson                                    Inc.
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
Stephen.Mick@btlaw.com
Kevin.Rising@btlaw.com
David.Nelson@btlaw .com

☑   BY ELECTRONIC MAIL:  Based on an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

☑   **(FEDERAL)**      I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2017.

_____

Kristina Eckert

10

DEFENDANT/COUNTERCLAIM PLAINTIFF DISCOVERY COMMUNICATIONS, LLC'S RESPONSES AND
OBJECTIONS TO PLAINTIFF AND COUNTER-DEFENDANTS' SECOND SET OF INTERROGATORIES

# EXHIBIT D

**REDACTED FOR
PUBLIC FILING**

# EXHIBIT E

# REDACTED FOR PUBLIC FILING

# EXHIBIT F

# REDACTED FOR PUBLIC FILING

# EXHIBIT G

# REDACTED FOR PUBLIC FILING

# EXHIBIT H

# BARNES & THORNBURG LLP

David W. Nelson
310-284-3770
david.nelson@btlaw.com

2029 Century Park East
Suite 300
Los Angeles, CA 90067
310-284-3880
310-284-3894 (Fax)

www.btlaw.com

May 24, 2017

***VIA ELECTRONIC MAIL***
(SEdelman@gibsondunn.com)
(NBack@gibsondunn.com)
(theodore.tsekerides@weil.com)

Scott A. Edelman
Nathaniel L. Bach
Gibson, Dunn & Crutcher LLP
2029 Century Park East, Suite 4000
Los Angeles, California 90067

Theodore E. Tsekerides
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:   LMNO Cable Group, Inc. v. Discovery Communications, LLC

Dear Counsel:

Pursuant to Local Rule 7-3, we write to initiate a meet and confer regarding our clients intent to file a motion for leave to amend the complaint in this action to add additional claims that have come to light as the result of recent discovery.   We have previously noted the substance of these claims in our application to the court to continue the trial date, but we include additional detail here as part of the meet and confer process:

1.     **Post-License Period Broadcasts of *The Little Couple*.**

Records recently produced by Discovery indicate that episodes of *The Little Couple* were broadcast by Discovery in 2014, 2015 and 2016 after the expiration of the license period set forth in the written contracts.   The information presently available to us indicates that more than 80 episodes have been broadcast more than 300 total times outside of the license period.   There may be additional broadcasts, but our current information is somewhat limited.

Our clients will assert a claim for copyright infringement based on these unauthorized broadcasts, and seek the greater of profits attributable to the infringement or statutory damages, consistent with *Columbia Pictures Television v. Krypton Broadcasting of*

May 24, 2017
Page 2

*Birmingham, Inc.*, 106 F. 3d 284 (9th Cir. 1997) (copyright infringement for broadcasting television episodes outside of a valid license). and *Columbia Pictures Television v. Krypton Broadcasting of Birmingham. Inc.*, 259 F.3d 1186 (9th Cir. 2001) (affirming the award of $72,000 in statutory damages per work infringed). Consistent with the holding in *Columbia Pictures* that the broadcast of the same episode by different stations constituted a separate act of infringement, we intend to name DirecTV, Dish Network, and the various cable service providers as defendants in order to capture the entirety of the infringing conduct.

If Discovery intends to defend and indemnify the various broadcasters under the terms of its carriage agreements, please let us know, as that might simplify the service of process.

2.    **May 2017 Distribution and Broadcast of Season 2 of *7 Little Johnstons***

As we have previously advised you, the copyright in Season 2 is held by LMNO Entertainment Group, which was the author for purposes of the Copyright Act. Discovery has no signed 17 U.S.C. §204(a) compliant writing conveying a right to distribute this program. Our client has previously offered to convey such rights to Discovery in return for full payment of the agreed production fee, but Discovery has refused to make payment. Under these circumstances, Discovery's distribution of the episodes without a valid license constitutes infringement.

3.    **Post-License Period Broadcasts and further infringement of *Unusual Suspects*.**

Based on the information we have received with respect to *The Little Couple*, we now also suspect that Discovery has exhibited episodes in Seasons 2, 3, and 4 of *Unusual Suspects* after the November 15, 2013 expiration of the license period for episodes in these seasons. We therefore request that Discovery confirm whether or not it has exhibited any such episodes from Season 2, 3, or 4 of *Unusual Suspects* after November 15, 2013.

Further, recent information suggests that Discovery may be producing new episodes of Unusual Suspects in derogation of our client's intellectual property rights in the show format and other elements. Accordingly, we therefore request that Discovery confirm whether it is, in fact, producing new episodes.

If these events are true, we intends to include these infringements as part of the copyright claims because they generally fall within the ambit of the parties' relationship, and it would be more efficient to resolve all of the disputes in one proceeding.

May 24, 2017
Page 3


      Please let us know your availability for a call to meet and confer on this motion either tomorrow or Friday.

                             Sincerely,
                             BARNES & THORNBURG LLP

                             David W. Nelson