Neville L. Johnson (SBN 66329)
Arun Dayalan (SBN 225255)
Alec R. Govi (SBN 313243)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
adayalan@jjllplaw.com
agovi@jjllplaw.com

*Attorneys for Plaintiff-Intervenors*
William Klein, Jennifer Arnold, and Candu Enterprises, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMNO CABLE GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>―――――――――<br><br>DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company,<br>Counterclaim Plaintiff,<br><br>v.<br><br>LMNO CABLE GROUP, INC., a California corporation, LMNO ENTERTAINMENT GROUP, LLC, a California limited liability company,<br><br>Counterclaim Defendants. | CASE NO.: 2:16-cv-4543-JAK-SK<br><br>**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS ERIC SHOTZ AND LMNO CABLE GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 2, 2018<br>Time: 8:30 A.M.<br>Crtrm.: 10B<br><br>Hon. John A. Kronstadt |

WILLIAM KLEIN, an individual; JENNIFER ARNOLD, an individual; and CANDU ENTERPRISES, INC., a Texas corporation;

        Plaintiff-Intervenors,

v.

LMNO CABLE GROUP, INC., a California corporation; ERIC SCHOTZ, an individual; and EDWARD HORWITZ, an individual,

        Defendants.

**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC.,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS ERIC SHOTZ AND LMNO CABLE GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff-Intervenors William Klein, Jennifer Arnold and Candu Enterprises ("Plaintiffs") respectfully submit the following Statement of Uncontroverted Facts pursuant to Federal Rule of Civil Procedure 56, Local Rule 56-1 and Local Rule 7-9, together with references to supporting evidence, in response to Defendants Eric Schotz and LMNO Cable Group, Inc.'s (collectively, "Defendants") Statement of Uncontroverted Facts and Conclusions of Law, together with references to supporting evidence, in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Partial Summary Judgment.

## ISSUE 1: FRAUD AND CONVERSION

|   | Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 1. | Defendants never contributed their required producer deficit of 30% | Dayalan Decl. Ex. B. Ikegami Depo. p. 44:14-25 – p. 46:1-5; p.46:20-25 – p. 47:1-15; p.47:25 – p.48:1-5. |
| 2. | Defendants never contributed 30% because they didn't want to pay plaintiffs their contingent compensation | Ex. B. Ikegami Depo. p. 67:3-25 – p. 69:1-25; p. 76:1-25 – p. 77:1-2. |
| 3. | To cover the fact that LMNO did not actually contribute the required 30% of production costs, they created 2 sets of financial books at the direction of Schotz and Horwitz. | Ex. B. Ikegami Depo. p. 44:14-25 – p. 46:1-5; p.46:20-25 – p. 47:1-15; p.47:25 – p.48:1-5. |
| 4. | Defendants were not paying the 30% since the very beginning of the relationship with Plaintiffs | Ex. B. Ikegami Depo. p. 44:14-25 – p. 46:1-5; p.46:20-25 – p. 47:1-15; p.47:25 – p.48:1-5. |
| 5. | Defendants had a history of not honoring their contracts | Ex. B. Ikegami Depo. p. 22:3-25 – p.23:1-3. |
| 6. | Paul Ikegami was a the CFO at LMNO | Ex. B. Ikegami Depo. p. 26:8-22. |
| 7. | Schotz made all the final decisions | Ex. B. Ikegami Depo. p. 37:3-6. |

| | | | |
|---|---|---|---|
| | | regarding production accounting and corporate accounting. | |
| | 8. | Schotz and Horwitz knew about the false financial books and budgets created and had them created. | Ex. B., Ikegami Depo: p.69:14-25; p. 76:1-25 – p. 77:1-2 |
| | 9. | LMNO, Schotz and Horwitz recreated the accounting records for the Little Couple ("the Program") to create the false illusion that they funded the producer's deficit of 30%. | Ex. B. Ikegami Depo. p. 67:3-25 – p. 69:1-25; p. 76:1-25 – p. 77:1-2. |
| | 10. | Horwitz communicated the accounting statements to Plaintiffs and he was solely responsible for the internal budget for the Program. | Ex. B. Ikegami Depo. p.26:23-25 – p.27:1-23. p. 230:1-25 – p. 233:1-17; Ex. C, Ex. D. |
| | 11. | In or about 2010, as Plaintiffs had not received any profit participation statements from LMNO, they had their transactional attorney Roger Armstrong inquire as to the status of the statements. Edward Horowitz, who was our main liaison with LMNO, provided many excuses as to the delay of the statements. When they did receive statements from Horwitz, Schotz and LMNO, they always showed that the Program was running a large producer's deficit with no contingent compensation owed. These statements dated to the beginning the Program. | Klein Decl. ¶ 4. |
| | 12. | In or about June 2014, Plaintiffs signed the Surviving Agreement with LMNO wherein in addition to the 25% of 100% of Producer's share of any contingent compensation, we were also to receive 25% of 100% of Producer's "Net Proceeds" and Producer and Artist in the event that LMNO exploited the Program directly. As part of this deal, it was understood by Plaintiffs that they were to receive 25% of any deals that LMNO made regarding the licensing of | Klein Decl. ¶ 6. |

| | | |
|---|---|---|
| | the Program, including all compensation received by LMNO from Cineflix. LMNO acknowledged this fact by including all compensation it received from LMNO in its profit and cost statements it provided to Plaintiffs. | |
| 13. | At the time of signing the Surviving Agreement or any of the prior agreements and/or amendments, Plaintiffs had no knowledge of the fraud being committed by Defendants. | Klein Decl. ¶ 7. |
| 14. | In or about December 2015, Paul Ikegami ("Ikegami") contacted us through our attorney Roger Armstrong and stated that LMNO was committing fraud. Plaintiffs were contacted by Discovery Communications a few months later and stated to us that it also was contacted by Ikegami. Roger Armstrong, pursuant to my request, tried to get a statement from Ikegami, but that never materialized. Discovery asked Plaintiffs to let them investigate the matter to determine if there as actual fraud by LMNO occurring. | Klein Decl. ¶ 8. |
| 15. | In December 2016, Candu was served with a document subpoena seeking all royalty statements received from LMNO, as well as all communications with LMNO relating to those royalty statements, in *LMNO Cable Group, Inc. v. Discovery Communications, LLC*. It was at this time that Plaintiffs realized that the fraud allegations against LMNO were real. Before that time, they continued their business relationship with LMNO as they did not have any suitable proof that LMNO had committed fraud. | Klein Decl. ¶ 9. |
| 16. | As a result of Schotz, Horwitz and LMNO's fraud, Plaintiffs have had | Klein Decl. ¶ 10. |

**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

|   |   |   |
|---|---|---|
|   | significant out-of-pocket loss, mostly in the form of attorney fees for their transactional attorney Roger Armstrong. Mr. Armstrong had to contact Defendants several times to get profit participation statements and he had to hound them to get these statements which cost Plaintiffs considerable money. |   |
| 17. | As a result of Defendants false stating to Plaintiffs that there was a large producer deficit for the entirety of the Program, it affected Plaintiffs' bargaining power in getting better deals regarding our episodic fee as well as contingent compensation. Horwitz and Schotz, however, consistently told Plaintiffs that the Program was running a large deficit and that they were fortunate that the Program was still being made. In fact, between Seasons 1 and 2, Schotz and Horwitz told Plaintiffs that they were going to reduce the production budget due to the lack of success of the Program. These false statements by Schotz and Horwitz adversely affected Plaintiffs' bargaining position. | Klein Decl. ¶ 11. |
| 18. | Schotz and Horwitz lied to Plaintiffs consistently about the large producer deficit that the Program was running. These lies greatly affected Klein and Arnold emotionally. They have had a hard time trusting anyone in this industry as a result. | Klein Decl. ¶ 12. |
| 19. | Defendants intended to defraud Plaintiffs from the very beginning of their Agreement in 2008. Plaintiffs relied on the statements by Schotz and Horwitz as to the accounting of the Program and did not request an | Klein Decl. ¶ 14. Klein Depo. p. 176:1-14. |

4

**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | accounting as a result. Plaintiffs never would have entered into an agreement with Defendants had they known they would be defrauded as they were. | |

5

**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

# ISSUE 2: PLAINTIFFS LARGELY CREATED AND FIXED THE PROGRAM

|  | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** |
|---|---|---|
| 20. | The Program is based on Plaintiffs' lives. Plaintiffs have had significant input and contribution as to the content of the show as well as its overall direction. Bill Klein would write a bullet point summary of each episode of the season. He would also write the short story arc and long story arc for each season. He also wrote the far majority of all cliffhangers, activities, etc. All matters dealing with Jennifer Arnold at the hospital in her capacity as a medical doctor were all written and created by her as the hospital had strict rules regarding filming at the hospital. Plaintiffs decided what would and would not get filmed. 90% of the content was created by Plaintiffs. The trip to London was entirely created by Plaintiffs. The adoption of their children in China and India were based on their lives and the content was created by Plaintiffs. | Klein Decl. ¶ 5. |

# ISSUE 3: PLAINTIFFS HAVE SUFFERED CONSIDERABLE DAMAGES AS A RESULT OF DEFENDANTS' FRAUD

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| 21. | As a result of Schotz, Horwitz and LMNO's fraud, Plaintiffs have had significant out-of-pocket loss, mostly in the form of attorney fees for their transactional attorney Roger Armstrong. Mr. Armstrong had to contact Defendants several times to get profit participation statements and he had to hound them to get these statements which cost Plaintiffs considerable money. | Klein Decl. ¶ 10. |
| 22. | As a result of Defendants false stating to Plaintiffs that there was a large producer deficit for the entirety of the Program, it affected Plaintiffs' bargaining power in getting better deals regarding our episodic fee as well as contingent compensation. Horwitz and Schotz, however, consistently told Plaintiffs that the Program was running a large deficit and that they were fortunate that the Program was still being made. In fact, between Seasons 1 and 2, Schotz and Horwitz told Plaintiffs that they were going to reduce the production budget due to the lack of success of the Program. These false statements by Schotz and Horwitz adversely affected Plaintiffs' bargaining position. | Klein Decl. ¶ 11. |
| 23. | Schotz and Horwitz lied to Plaintiffs consistently about the large producer deficit that the Program was running. | Klein Decl. ¶ 12. Ex. C. Klein Depo. p.171:17-25 – p. 174:1. |

| | |
|---|---|
| These lies greatly affected Klein and Arnold emotionally. They have had a hard time trusting anyone in this industry as a result. | |

DATED: February 26, 2018  JOHNSON & JOHNSON LLP

By  /s/ Neville L. Johnson
Neville L. Johnson
Arun Dayalan
*Attorneys for Plaintiff-Intervenors*
William Klien, Jennifer Arnold, and
Candu Enterprises, Inc.

8

**PLAINTIFFS WILLIAM KLEIN, JENNIFER ARNOLD AND CANDU ENTERPRISES, INC.,'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**